IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ARKANSAS CRYPTOMINING ASSOCIATION**                                     **PLAINTIFF**

v.                             Case No. 4:25-cv-00234-KGB

**ALAN YORK, in his official capacity**
**as the Director of the Arkansas Oil and Gas Commission,** *et al.*          **DEFENDANTS**

## NOTICE OF PRELIMINARY INJUNCTION ORDER

Before the Court are two pending motions. First, there is a motion for temporary restraining order and preliminary injunction filed by plaintiff Arkansas Cryptomining Association ("Association") (Dkt. No. 5). The Association requests that the Court enjoin defendants Alan York ("Director York"), in his official capacity as the Director of the Arkansas Oil and Gas Commission ("Commission"), Tim Griffin, in his official capacity as Attorney General of Arkansas ("Attorney General Griffin"), and the State of Arkansas (collectively "Defendants") from enforcing: (1) Arkansas Act 174 of 2024 ("Act 174"), AR LEGIS 174 (2024), 2024 Arkansas Laws Act 174 (S.B. 79), Arkansas Code Annotated §§ 14-1-602, 605, 606, 19-6-140, 301, 23-119-101 *et seq.*;[1] and (2) Rule K of the Commission ("Rule K"), Arkansas Administrative Code 118.03.1-K-1 *et seq.* Second, there is a motion to dismiss filed by Defendants (Dkt. No. 13). This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

---

[1] The Court notes that its Preliminary Injunction Order in the related case *Jones Eagle, LLC v. Ward* mentions only Arkansas Code Annotated § 14-1-606 in its discussion of Act 174. Case No. 4:24-cv-00990-KGB, 2024 WL 5112477 at *1, 3–4 (E.D. Ark. Dec. 9, 2024). Given the named defendants in this case and that the Court here takes up a facial challenge to Act 174, as well as administrative regulations in Rule K which did not yet exist at the time the *Jones Eagle* injunction was entered, the Court in this case discusses the full text of Act 174 and Rule K.

I.   **Background**

On April 11, 2025, the Court held a contested evidentiary hearing on the pending motion for temporary restraining order and preliminary injunction at which counsel for all parties were present. The parties presented evidence and arguments at the hearing, and the issues have been fully briefed. The pending motions are ripe for adjudication.

With this filing, the Court gives notice that the Association requested a Protective Order at the April 11, 2025, hearing, which Defendants in this case opposed. The Association proposed a Protective Order on the same terms proposed, and agreed to, by defendants Wes Ward, in his official capacity as Secretary of the Arkansas Department of Agriculture, Tim Griffin, in his official capacity as Attorney General of Arkansas, and the State of Arkansas in Case No. 4:24-cv-00990-KGB, (the "*Jones Eagle* Case"). For good cause shown, and for the reasons the Court articulated at the April 11, 2025, hearing, the Court granted the Association's request and entered a Protective Order on the same terms as in the *Jones Eagle* Case. Pursuant to that Protective Order, at the April 11, 2025, hearing the Court received and admitted testimony and evidence under seal. Because certain testimony and evidence admitted under seal provides the basis for the Court's ruling on the pending motions, the Court seals its Order. The Court will confer with all counsel and parties to release a redacted version of the Sealed Preliminary Injunction Order that redacts the sealed portions of the record but makes public all other portions of the Order.

II.   **Notice Of Ruling**

For the reasons set forth in the Sealed Preliminary Injunction Order, the Court grants the Association's request for a preliminary injunction (Dkt. No. 5) and denies, in part, and takes under advisement, in part, Defendants' motion to dismiss (Dkt. No. 13). The Court grants facial relief. For the reasons set forth in the Sealed Preliminary Injunction Order and this notice, the Court finds

that: (1) the Association is likely to prevail on count four of its complaint that Act 174 and Rule K are facially preempted by federal law (Dkt. No. 1, ¶¶ 248–68); (2) the remaining factors examined by the Court in assessing whether to grant a preliminary injunction weigh in favor of the Association; and (3) Act 174 and Rule K are not severable. The Court enjoins Director York and Attorney General Griffin, and all those acting in concert with them, from enforcing any provision of Act 174 or Rule K until further Order from this Court.

As for standing, a litigant typically cannot assert the rights of absent third parties. *United Food & Com. Workers Union Loc. 751 v. Brown Grp., Inc.*, 517 U.S. 544, 557 (1996). However, courts have recognized an exception to this rule for organizations acting "solely as the representative of [their] members." *Worth v. Jacobson*, 108 F.4th 677, 685 (8th Cir. 2024) (quoting *Warth v. Seldin*, 422 U.S. 490, 511 (1975)). Specifically, an organization can assert the standing of its members when: "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Id.* (quoting *Students for Fair Admissions, Inc. v. Pres. and Fellows of Harvard Coll.*, 600 U.S. 181, 199 (2023)). It is sufficient that at least one of the organization's members can demonstrate continuous standing. *Id.* at 686. The Court determines at this stage of the litigation that the Association has standing to proceed with this action and seek a preliminary injunction against enforcement of Act 174 and Rule K.

With respect to Eleventh Amendment immunity or sovereign immunity, it is well established that "States are immune from suit under the terms of the Eleventh Amendment and the doctrine of sovereign immunity." *Minn. RFL Republican Farmer Lab. Caucus v. Freeman*, 33 F.4th 985, 989 (8th Cir. 2022) (quoting *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39

(2021)). However, this immunity can be waived by Congress when it chooses to do so or by the state where it authorizes the waiver. *Barnes v. Missouri*, 960 F.2d 63, 64–65 (8th Cir. 1992). Additionally, the Supreme Court recognized an exception to state sovereign immunity in *Ex Parte Young*, 209 U.S. 123 (1908), whereby "state officials may be sued in their official capacities for prospective injunctive relief when the plaintiff alleges that the officials are acting in violation of the Constitution or federal law." *Mo. Child Care Ass'n v. Cross*, 294 F.3d 1034, 1037 (8th Cir. 2002) (citing *Ex Parte Young*, 209 U.S. at 159–60).

In this case, Defendants argue that the Association's claims against the State of Arkansas are barred by state sovereign immunity and the Eleventh Amendment (Dkt. No. 12, at 13–14). The Court bases its ruling on the motion for temporary restraining order and preliminary injunction on count four of the Association's complaint, which alleges that Act 174 and Rule K are preempted by federal law (Dkt. No. 1, ¶¶ 248–268). Accordingly, the Court here, as in the *Jones Eagle* Case, excludes the State of Arkansas from the effect of the Court's Preliminary Injunction Order pursuant to the *Ex Parte Young* nature of the injunction. *See* 2024 WL 5112477, at *15, 21. For these reasons, the Court declines to reach the issue, disputed by the parties (Dkt. Nos. 14, at 6–7; 21, at 10–13), of whether the State of Arkansas is a proper party for purposes of the Association's Takings Clause claim; resolution of this issue is not necessary for the decision the Court reaches in this Order. The Court takes under advisement the parties' remaining arguments on this issue.

To the extent Defendants intended to assert such an argument in their motion, the Court denies Defendants' Federal Rule of Civil Procedure 12(b)(6) motion to dismiss as to count four of the Association's complaint alleging that Act 174 and Rule K are preempted by federal law (Dkt. No. 1, ¶¶ 248–68). As for the remaining Rule 12(b)(6) arguments made by Defendants, the Court declines to rule on them and takes them under advisement (Dkt. No. 13).

With respect to the Association's motion for temporary restraining order and preliminary injunction, district courts in the Eighth Circuit must consider four factors in deciding whether to grant a preliminary injunction:

> (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that the movant will succeed on the merits; and (4) the public interest.

*Wilbur-Ellis Co., LLC v. Erikson*, 103 F.4th 1352, 1355–56 (8th Cir. 2024) (quoting *Home Instead, Inc. v. Florance*, 721 F.3d 494, 497 (8th Cir. 2013)). "While 'no single factor is determinative,' the probability of success factor is the most significant." *Id.* at 1356 (quoting *Home Instead*, 721 F.3d at 497). Furthermore, in the Eighth Circuit, laws passed through the democratic process are entitled to a "higher degree of deference." *Libertarian Party of Ark. v. Thurston*, 962 F.3d 390, 399 (8th Cir. 2020) (quoting *Rodgers v. Bryant*, 942 F.3d 451, 455–56 (8th Cir. 2019)). In cases involving challenges to such laws, it is never sufficient for the moving party to establish that there is a "fair chance" of success. *Planned Parenthood Minn., N.D., S.D. v. Rounds*, 530 F.3d 724, 732 (8th Cir. 2008). Instead, the appropriate standard, and threshold showing that must be made by the movant, is "likely to prevail on the merits." *Firearms Regul. Accountability Coal., Inc. v. Garland*, 112 F.4th 507, 517 (8th Cir. 2024) (quoting *id.*). Only if the movant has demonstrated that it is likely to prevail on the merits should the Court consider the remaining factors. *Rounds*, 530 F.3d at 732.

A preliminary injunction "is an extraordinary remedy, and the burden of establishing the propriety of an injunction is on the movant," here, the Association. *See Turtle Island Foods, SPC v. Thompson*, 992 F.3d 694, 699 (8th Cir. 2021) (quoting *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003)). The Eighth Circuit has noted that a movant carries a "heavier" burden when the granting of a preliminary injunction "has the effect of awarding the movant substantially the relief

5

it could obtain after a trial on the merits." *H&R Block, Inc. v. Block, Inc.*, 58 F.4th 939, 946 (8th Cir. 2023). At the end of the day, however, "[a] district court has broad discretion when ruling on a request for preliminary injunction." *GLBT Youth in Iowa Sch. Task Force v. Reynolds*, 114 F.4th 660, 669 (8th Cir. 2024) (quoting *Novus Franchising, Inc. v. Dawson*, 725 F.3d 885, 893 (8th Cir. 2013)).

The Association requests facial relief as to enforcement of Act 174 and Rule K (Dkt. Nos. 1, ¶ 2; 5, ¶ 1). Facial challenges are "to be discouraged." *United States v. Stephens*, 594 F.3d 1033, 1037 (8th Cir. 2010) (quoting *Sabri v. United States*, 541 U.S. 600, 608–09 (2004)).

When it comes to the legal standard to be applied:

> A facial challenge is really just a claim that the law or policy at issue is unconstitutional in all its applications. So classifying a lawsuit as facial or as-applied affects the extent to which the invalidity of the challenged law must be demonstrated and the corresponding "breadth of the remedy."

*Bucklew v. Precythe*, 587 U.S. 119, 138 (2019) (quoting *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 331 (2010)). To succeed on a facial challenge, a plaintiff must "establish that no set of circumstances exists under which the [law] would be valid." *Moody v. NetChoice, LLC*, 603 U.S. 707, 723 (2024) (alteration in original) (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)). To defeat a facial challenge, the defendant need only show that the challenged law or regulation "is constitutional in some of its applications." *United States v. Rahimi*, 602 U.S. 680, 693 (2024).

The Court finds as a threshold matter that the Association is likely to prevail on the merits of its facial challenge to Act 174 and Rule K as to count four of its complaint. Based on the record before the Court and the Court's analysis, the Court finds that the Association is likely to prevail on its conflict preemption claim and field preemption claim with respect to Act 174's foreign ownership restrictions and the provisions of Rule K implementing those restrictions. Further,

6

because Act 174 and Rule K are likely field preempted with respect to their foreign ownership restrictions, it follows *ipso facto* that any application of those restrictions would be unconstitutional. Because the Court determines that the Association is likely to prevail on its federal preemption claims, the Court, in accordance with the long-established judicial policy of avoiding premature adjudication of constitutional claims, declines to make any ruling on the Association's other constitutional claims at this time.

The Court finds that the Association has shown that it is likely to sustain irreparable harm absent entry of a preliminary injunction. In addition, for reasons explained in the Sealed Preliminary Injunction Order, the balance of the equities factor favors the Association, as does the public interest factor. All four preliminary injunction factors thus weigh in favor of the Association.

The Court declines to require security from the Association. The Court determines that it would be inappropriate to sever the permitting scheme created by Arkansas Code Annotated § 23-119-103, pursuant to which Rule K was promulgated, from the rest of Act 174.

Therefore, for all the reasons set out in the Sealed Preliminary Injunction Order and this notice, the Court:

(1)   denies the motion to dismiss as to standing and, to the extent it is argued by Defendants' motion, Eleventh Amendment immunity or state sovereign immunity as to defendants Director York and Attorney General Griffin for purposes of ruling on the pending motion for temporary restraining order and preliminary injunction (Dkt. No. 13);

(2)   denies Defendants' motion to dismiss as to count four of the Association's complaint alleging that Act 174 and Rule K are preempted by federal law (*Id.*); and

(3)     takes under advisement the remaining arguments asserted in Defendants' motion to dismiss (*Id.*); and

(4)     grants the Association's motion for temporary restraining order and preliminary injunction (Dkt. No. 5).  The Court grants facial relief.  The Court enjoins Director York and Attorney General Griffin, and all those acting in concert with them, from enforcing any provision of Act 174 or Rule K until further Order from this Court.

It is so ordered this 29th day of April, 2025.

_____
Kristine G. Baker
Chief United States District Judge